FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV - 5 2012

JAMES N. HATTEN, CLERK
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RASHEEN CARBIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **WBH** |
| | ) CIVIL ACTION |
| v. | ) FILE NO. |
| | ) **1:12-CV-3882** |
| THOMAS & WILLIAMS, LLC | ) |
| AND STEPHEN THOMAS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C.
§ 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b),
where the acts and transactions giving rise to Plaintiff's action occurred in this
district, and/or where Defendant transacts business in this district.

## PARTIES

4.      Plaintiff, Rasheen Carbin ("Plaintiff"), is a natural person who at all relevant times resided in the State of District of Columbia, County of Washington, and City of Washington.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Thomas & Williams, LLC ("T&W"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      T&W is a Georgia limited liability company.

8.      Where a limited liability company vests management to one or more managers, such persons shall have such right and authority to manage the business and affairs of the limited liability company.  Ga. Code § 14-11-304.

9.      T&W vests its management to one or more managers, pursuant to Ga. Code § 14-11-304.

10.     Defendant, Stephen Thomas ("Thomas") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

11.     Thomas is a manager of T&W.

12.     Thomas refers to himself as the "Managing Partner" for T&W.

2

13.     Upon information and good-faith belief, Thomas—as a manager of T&W—manages the business and affairs of T&W's debt collection business.

14.     Upon information and good-faith belief, Thomas—as a manager of T&W—is involved in the day-to-day operations of T&W's debt collection business.

15.     Upon information and good faith-belief, Thomas —as a manager of T&W—exercises control over the affairs of T&W's debt collection business.

16.     T&W and Thomas (collectively "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

17.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than T&W.

18.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than T&W, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19.     The alleged obligation arises from a personal short term loan (the "Debt").

3

20.     T&W uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

21.     In connection with the collection of the Debt, T&W, by and through its agent and/or employee "Mrs. Mike," placed a call to Plaintiff's cellular telephone number on August 17, 2012 at 11:59 A.M.

22.     During the August 17, 2012 conversation, Plaintiff requested for T&W's address so that Plaintiff could send a letter requesting validation of the Debt.

23.     During the August 17, 2012 conversation, Defendant asserted that the Debt was already validated by Plaintiff's bank when Plaintiff's check did not clear.

24.     During the August 17, 2012 conversation, Plaintiff repeatedly requested T&W's address.

25.     "Mrs. Mike" eventually transferred Plaintiff to to T&W's agent and/or employee "Mr. Kevin Macdowell" ("Mr. Macdowell").

26.     Mr. Macdowell provided Plaintiff with T&W's address.

27.     The August 17, 2012 T&W's initial communication with Plaintiff.

4

28. T&W failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.*, during its August 17, 2012 initial communication.

29. T&W failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.* in writing within 5 days of the initial communication.

30. Plaintiff sent T&W written correspondence dated July 17, 2012, disputing the Debt and requesting validation. (See July 17, 2012 Correspondence, attached hereto Exhibit A).

31. Plaintiff's letter further advised T&W that all telephone calls are inconvenient. (See Exhibit A").

32. T&W received Plaintiff's correspondence on August 20, 2012 at 2:13 P.M. (See USPS Delivery Confirmation, attached hereto Exhibit B).

33. Despite having received Plaintiff's dispute and request for validation, in connection with the collection of the Debt, T&W placed a call to Plaintiff's cellular telephone number on September 5, 2012 at 12:22 P.M., and left the following voicemail message:

> Yes this message is for a Rashan Rasheen Corbin. This is Ms. Randall this is my last attempt to try to get in contact with, um, that person in reference to a claim that was placed here at Thomas & Williams. We cannot contain or hinder our client's, uh, demands in reference to a claim that was placed here we need to go ahead and release this information. Um, I need a call back at 678-710-8258.

5

34.    In its September 5, 2012 voicemail message, "Ms. Randall" failed to notify Plaintiff that the communication was from a debt collector.

35.    In failing to disclose that the communication was from a debt collector, T&W failed to meaningfully disclose its identity to Plaintiff.

36.    Despite having received Plaintiff's dispute and request for validation, in connection with the collection of the Debt, T&W placed a call to Plaintiff's cellular telephone number on October 9, 2012 at 12:20 P.M.

37.    During the October 9, 2012 telephone conversation, Defendant's agent and/or employee "Allen Armstrong" stated that he had documents implicating Plaintiff for fraud.

38.    When Plaintiff advised that he was not able to discuss the Debt at that time and stated that he would return T&W's call the next day, "Allen Armstrong" falsely asserted that he could not hold the account that long and that Plaintiff needed to call T&W back "today."

39.    During the October 9, 2012 telephone conversation, T&W conveyed a false sense of urgency in a telephone call to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

6

40.    Despite having received Plaintiff's dispute and request for validation, in connection with the collection of the Debt, T&W placed a call to Plaintiff's cellular telephone number on October 10, 2012 at 1:01 P.M.

41.    During the October 10, 2012 telephone conversation, T&W's agent and/or employee "Allen Armstrong" stated that the paperwork regarding the Debt was on his desk and "ready to be filed."

42.    During the October 10, 2012 telephone conversation, T&W falsely represented the character, amount, or legal status of Plaintiff's alleged debt.

43.    During the October 10, 2012 telephone conversation, T&W falsely represented the level of attorney involvement in the collections process.

44.    During the October 10, 2012 telephone conversation, T&W conveyed a false sense of urgency in a telephone call to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

45.    Upon information and good-faith belief, T&W has not provided Plaintiff with validation of the Debt.

### COUNT I
### T&W

46.    Plaintiff repeats and re-alleges each and every allegation contained above.

7

47.    T&W violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient Plaintiff when placing a call to Plaintiff's cellular telephone after having received a letter from Plaintiff notifying T&W that all telephone calls are inconvenient.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

8

## COUNT II
## THOMAS

48. Plaintiff repeats and re-alleges each and every allegation contained above.

49. 37. T&W violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at any unusual time or place or a time or place known or which should be known to be inconvenient Plaintiff when placing a call to Plaintiff's cellular telephone after having received a letter from Plaintiff notifying T&W that all telephone calls are inconvenient.

50. Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Thomas violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

9

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## T&W

51.    Plaintiff repeats and re-alleges each and every allegation contained above.

52.    T&W violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## THOMAS

53.    Plaintiff repeats and re-alleges each and every allegation contained above.

54.    T&W violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity.

55.    Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Thomas violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## T&W

55.     Plaintiff repeats and re-alleges each and every allegation above.

56.     T&W violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## THOMAS

57.    Plaintiff repeats and re-alleges each and every allegation above.

58.    T&W violated 15 U.S.C. § 1692e(2)(A) by falsely representing the the character, amount, or legal status of the Debt.

59.    Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Thomas violated 15 U.S.C. §  1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

13

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## T&W

60.    Plaintiff repeats and re-alleges each and every allegation above.

61.    T&W violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692e(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## THOMAS

14

62.    Plaintiff repeats and re-alleges each and every allegation above.

63.    T&W violated 15 U.S.C. § 1692e(3) by falsely representing the level of attorney involvement in the collections process.

64.    Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Thomas violated 15 U.S.C. §  1692e(3);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00 per Defendant;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## T&W

65.    Plaintiff repeats and re-alleges each and every allegation contained above.

66.    T&W violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## THOMAS

67.     Plaintiff repeats and re-alleges each and every allegation contained above.

68.     T&W violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

69.     Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Thomas violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## T&W

70.     Plaintiff repeats and re-alleges each and every allegation contained above.

71.     T&W violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.* in its initial communication with Plaintiff or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## THOMAS

72.     Plaintiff repeats and re-alleges each and every allegation contained above.

73.     T&W violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g *et seq.* in its initial communication with Plaintiff or in writing within 5 days thereof.

74.     Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Thomas violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIII
### T&W

75.     Plaintiff repeats and re-alleges each and every allegation contained above.

76.     T&W violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the Debt, after having received a written communication from Plaintiff disputing the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

20

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XIV
## THOMAS

77.     Plaintiff repeats and re-alleges each and every allegation contained above.

78.     T&W violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the Debt, after having received a written communication from Plaintiff disputing the Debt.

79.     Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Thomas violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XV
## T&W

80.   Plaintiff repeats and re-alleges each and every allegation contained above.

81.   In the alternative, T&W violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period when asserting that the Debt had already been validated.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that T&W violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XVI
## THOMAS

82. Plaintiff repeats and re-alleges each and every allegation contained above.

83. In the alternative, T&W violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period when asserting that the Debt had already been validated.

84. Thomas is personally liable for T&W's conduct, absent the need to pierce the corporate veil, as a result of his involvement in the day-to-day

management of T&W's debt collection business and his exercise of control over the affairs of T&W's debt collection business.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Thomas violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

85.   Plaintiff is entitled to and hereby demands a trial by jury.

This ___ day of November, 2012.

ATTORNEYS FOR PLAINTIFF
RASHEEN CARBIN

Respectfully submitted,

Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

25

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Craig J. Ehrlich
Georgia Bar No. 242240
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 250
(866) 842-3303 (fax)
cehrlich@attorneysforconsumers.com

26

# EXHIBIT "A"

EXHIBIT "A"

Rasheen Carbin
4444 Connecticut Avenue, NW Apt. 208
Washington, D.C. 20008

July 17, 2012

Thomas & Williams LLC
PO Box 674883
Marietta GA 30008.

**RE: Acct # 6422602**

To Whom It May Concern,

 I received a phone call from your firm today regarding this alleged debt.  I dispute the debt and
am requesting validation.
 All calls are inconvenient.

Rasheen Carbin

# EXHIBIT "B"



**USPS.COM**                                    Search USPS com or Track Packages

Quick Tools          Ship a Package     Send Mail        Manage Your Mail      Shop        Business Solutions

## Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70102780000052548841 | First-Class Mail | Delivered | August 20, 2012, 2:13 pm | MARIETTA, GA 30067 | **Expected Delivery By:** August 20, 2012 Certified Mail Return Receipt |
| | | Notice Left | August 20, 2012, 8:15 am | MARIETTA, GA 30006 | |
| | | Arrival at Unit | August 20, 2012, 8:14 am | MARIETTA, GA 30006 | |
| | | Processed through USPS Sort Facility | August 20, 2012, 2:43 am | MARIETTA, GA 30062 | |
| | | Depart USPS Sort Facility | August 17, 2012 | GAITHERSBURG, MD 20898 | |
| | | Processed at USPS Origin Sort Facility | August 17, 2012, 8:27 pm | GAITHERSBURG, MD 20898 | |
| | | Dispatched to Sort Facility | August 17, 2012, 5:30 pm | WASHINGTON, DC 20008 | |
| | | Acceptance | August 17, 2012, 2:01 pm | WASHINGTON, DC 20008 | |

**Check on Another Item**

What's your label (or receipt) number?

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

**ON USPS.COM**
Government Services
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

Copyright© 2012 USPS. All Rights Reserved